UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAWN DIEDRICH,

    Plaintiff,

    v.

MERRILL LYNCH, PIERCE,
FENNER & SMITH, INCORPORATED
d/b/a MERRILL LYNCH

    Defendant.

Case No.:    18-cv-652

## COMPLAINT

### PRELIMINARY STATEMENT

1.    Plaintiff Dawn Diedrich brings this action against her former employer, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated d/b/a Merrill Lynch ("Merrill Lynch"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. At times since April 25, 2015, Merrill Lynch has had a policy and/or practice of suffering or permitting Plaintiff Diedrich to work in excess of forty hours per workweek without compensation for all hours worked. As a result, Merrill Lynch has failed to pay Plaintiff Diedrich overtime compensation for hours worked in excess of forty in a workweek in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws as well as agreed-upon wages for all hours worked in violation of Wisconsin wage and hour laws.

2. Plaintiff Diedrich brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Diedrich also brings this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief unpaid overtime compensation, agreed-upon wages, back pay, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Merrill LynchMerrill Lynch has substantial and systematic contacts in this District.

## PARTIES

7. Defendant Merrill Lynch is a Foreign Corporation with a principal office located in New York, New York. Merrill Lynch's registered agent for service of process in the State of Wisconsin is C. T. Corporation System located in Madison, Wisconsin.

8. Plaintiff Dawn Diedrich (hereinafter "Diedrich") is an adult resident of the State of Wisconsin who was formerly employed at Merrill Lynch's Brookfield, Wisconsin office.

## GENERAL ALLEGATIONS

9. Merrill Lynch is a wealth management division of Bank of America Corporation and provides financial investment services to both individual and institutional investors.

10. Plaintiff Diedrich was formerly an employee of Merrill Lynch that worked as a Senior Registered Client Associate from approximately July 2013 until on or around January 25, 2018.

11. During her employment at Merrill Lynch since April 25, 2015, Plaintiff Diedrich's duties included performing a wide variety of tasks including, but not limited to, balancing accounts, training, providing primary contact to clients, and assisting Financial Advisors.

12. At times since April 25, 2015, Merrill Lynch agreed to compensate Plaintiff Diedrich at an hourly rate of approximately $26.35 for her work as a Senior Registered Client Associate.

3

13. Merrill Lynch did not compensate Plaintiff Diedrich on a salary basis at any time since April 25, 2015.

14. At times since April 25, 2015, Plaintiff Diedrich was scheduled to work at Merrill Lynch's Brookfield, Wisconsin office from 8:30 a.m. to 4 p.m. from Monday through Friday each workweek.

15. At times since April 25, 2015, Merrill Lynch regularly suffered or permitted Plaintiff Diedrich to perform work outside of her scheduled work hours, including before and after the scheduled start and end times of Plaintiff Diedrich's shifts as well as on weekends.

16. At times since April 25, 2015, Merrill Lynch regularly suffered or permitted Plaintiff Diedrich to perform work during uncompensated meal periods which consistently resulted in Plaintiff Diedrich having less than thirty, uninterrupted minutes free from work during her uncompensated meal periods.

17. As a result of the foregoing, Merrill Lynch regularly suffered or permitted Plaintiff Diedrich to work in excess of forty hours in many workweeks since April 25, 2015.

18. At times since April 25, 2015, Plaintiff Diedrich's colleagues, managers, and supervisors at Merrill Lynch often witnessed and had direct knowledge that Plaintiff Diedrich was working outside of scheduled work hours, including on before and after scheduled shift times, over uncompensated meal periods, and on weekends.

19. Despite regularly working hours in excess of her scheduled hours since April 25, 2015, Plaintiff Diedrich was instructed to report only her scheduled work hours, minus meal periods during which she performed work, on her time sheets by Merrill Lynch.

20. Despite knowing that Plaintiff Diedrich often worked hours in excess of her scheduled work hours, Merrill Lynch failed to compensate Plaintiff Diedrich for all hours worked in a given workweek, including hours in excess of forty, at times since April 25, 2015.

21. As a result of the foregoing, Merrill Lynch regularly failed to pay Plaintiff Diedrich for hours worked in excess of forty in any given workweek since April 25, 2015 at a rate of one and one half time her regular rate in violation of the FLSA and Wisconsin law.

22. As a result of the foregoing conduct, Merrill Lynch regularly failed to compensate Plaintiff Diedrich for all hours worked at her agreed-upon hourly wage in violation of Wisconsin wage and hour laws.

23. Merrill Lynch's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Diedrich.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Compensation

24. Plaintiff Diedrich reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

25. Since April 25, 2015, Plaintiff Diedrich was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Merrill Lynch.

26. Since April 25, 2015, Plaintiff Diedrich was an employee within the meaning of 29 U.S.C. § 203(e).

27. Since April 25, 2015, Merrill Lynch was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

28. Since April 25, 2015, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

29. The FLSA regulates, among other things, the payment of overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Merrill Lynch was and is subject to the overtime pay requirements of the FLSA because Merrill Lynch was an enterprise engaged in commerce and/or its employees have been and continue to be engaged in commerce, as defined by the FLSA, 29 U.S.C. § 203(b), since April 25, 2015.

31. Plaintiff Diedrich is a victim of Merrill Lynch's compensation policies and practices in violation of the FLSA by Merrill Lynch's failure to compensate Plaintiff Diedrich for all work performed, including payment of overtime premium compensation at her regular rate for each hour worked in excess of forty hours in any given workweek.

32. Merrill Lynch has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Diedrich is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

33. Alternatively, should the Court find that Merrill Lynch did act with good faith in failing to pay overtime premium wages, Plaintiff Diedrich is entitled to an award of pre-judgment interest at the applicable legal rate.

34. As a result of the aforementioned willful violations of the FLSA, unpaid overtime compensation has been unlawfully withheld by Merrill Lynch from Plaintiff Diedrich for which Merrill Lynch is liable pursuant to 29 U.S.C. § 216(b).

35. Plaintiff Diedrich is entitled to damages equal to the amount of unpaid wages owed and mandated overtime premium pay within the three years preceding the date of the filing of this Complaint, plus periods of equitable tolling because Merrill Lynch acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

36. Pursuant to 29 U.S.C. § 216(b), Plaintiff Diedrich is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF:
### Violations of Wisconsin Law – Unpaid Overtime and Agreed-Upon Wages

37. Plaintiff Diedrich reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

38. Since April 25, 2016, Plaintiff Diedrich was an employee within the meaning of Wis. Stat. § 109.01 *et seq*.

39. Since April 25, 2016, Plaintiff Diedrich was an employee within the meaning of Wis. Stat. § 103.001 *et seq*.

40. Since April 25, 2016, Plaintiff Diedrich was an employee within the meaning of Wis. Stat. § 104.001 *et seq*.

41. Since April 25, 2016, Plaintiff Diedrich was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

42. Since April 25, 2016, Plaintiff Diedrich was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

43. Since April 25, 2016, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of Wis. Stat. § 109.01 *et seq*.

44. Since April 25, 2016, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of Wis. Stat. § 103.001 *et seq*.

45. Since April 25, 2016, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of Wis. Stat. § 104.001 *et seq*.

46. Since April 25, 2016, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of Wis. Admin. Code § DWD 272.001 *et seq*.

47. Since April 25, 2016, Merrill Lynch was an employer of Plaintiff Diedrich within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

48. Since April 25, 2016, Merrill Lynch has had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Diedrich her overtime compensation.

49. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

50. The foregoing conduct, as alleged above, constitutes willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed-upon wages.

51. As set forth above, Plaintiff Diedrich has sustained losses in her compensation as a proximate result of Merrill Lynch's violations. Accordingly, Plaintiff Diedrich seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Merrill Lynch to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

52. Under Wis. Stat. § 109.11, Plaintiff Diedrich is entitled to civil penalties equal and up to fifty percent of her unpaid wages.

53. Plaintiff Diedrich seeks recovery of attorneys' fees and the costs of this action to be paid by Merrill Lynch pursuant to Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Diedrich respectfully prays that this Court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Merrill Lynch's actions as described herein as unlawful and in violation of Wisconsin Law;

b) An Order finding that Merrill Lynch violated the FLSA and Wisconsin wage and hour laws;

c) An Order finding that Merrill Lynch's violations of the FLSA and Wisconsin law were willful, dilatory, and unjust;

d) Judgment against Merrill Lynch in the amount equal to Plaintiff Diedrich's unpaid overtime wages at the applicable rates mandated by the FLSA and Wisconsin law;

e) Judgment against Merrill Lynch in the amount equal to Plaintiff Diedrich's unpaid agreed-upon wages under Wisconsin law;

f) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

Dated this 25th day of April, 2018.

Respectfully submitted,

*s/ Timothy P. Maynard*
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953
Claire G. Roehre
SBN 1103202

**Hawks Quindel, S.C.**

222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):  ljohnson@hq-law.com
          smurshid@hq-law.com
          tmaynard@hq-law.com
          croehre@hq-law.com